Scott, J. From the bill of exceptions signed in the Probate Court, it appears that a recovery was sought there against the defendant in error as administrator de bonis non on an open account for care and attention to cattle belonging to the estate of bis intestate. There was no proof of the rendition of the services or of their value. The only testimony offered to support the claim was that of Marshall, the original administrator of the estate, which was, that Hudspeth and Underwood had “had a transaction in cattle,” the character of which was in no way explained, and that he, (the witness,) when administrator, “ as such” had entered into an agreement about the cattle with Underwood to the purport that Underwood should present an account for $75, to him, as administrator, and that he would allow it, but that Underwood had never presented the account. But there was no proof of any contract, either express or implied, between Hudspeth, in his lifetime, and Underwood, out of which this claim for services could grow. So far as the evidence went to establish liability in any one at all, it tended more to prove an individual liability of Marshall to Underwood, than to lay any foundation for judgment against Milligan as administrator de bonis non. Besides, if the cause of action accrued in the lifetime of Hudspeth, it had been barred by the statute of non-claim before the regular presentation of the account, which was not until the 14th October, 1846. The first administration upon the estate having been granted on the 14th of November, 1843, which continued until the 30th of October, 1845, when it was revoked, and the administration cle bonis non was granted on the 4th of April, 1846. Then, in the action of the Circuit Court setting aside the judgment of the Probate Court and in trying the cause de novo-, there was no error. On the trial in the Circuit Court, Underwood proved an arbitration between himself and Marshall, which failed to result in an award, and then an agreement thereafter between them, (with which agreement Marshall immediately afterwards announced to him his determination not to comply,) which was, (as seems fairly inferrible from the testimony,) in substance, that Underwood should deliver up all the cattle in his possession belonging to Hudspeth’s estate, and in consideration of this Marshall would allow to him an account for $75, to be made out against the estate. It seems, however, that the account was never presented for allowance nor were all the cattle delivered up. As Marshall had no power as administrator to enlarge the liability of his intestate, or bind the assets in his hands by any agreement of his, the proof of this agreement did not establish the account sought to be recovered of Milligan as administrator de bonis non; and, as there was no evidence to prove the services alleged to have been rendered, as charged in the account or their value, or any contract of the intestate in respect of them, the judgment of the Circuit Court was correct, and the motion for the new trial was properly overruled. Let the judgment be affirmed.